413 A.2d 83.

FRANK A. CARTER, JR., CHIEF DISCIPLINARY COUNSEL
*vs.* STEPHEN R. WALSH.

APRIL 10, 1980.

PRESENT: Bevilacqua, C.J., Kelleher and Doris, JJ.

KELLEHER, J.  In a manner of speaking, this is a postscript to *Carter* v. *Walsh*, 122 R.I. 349, 406 A.2d 263 (1979), where, on September 14, 1979, we ordered the respondent

"to submit his resignation forthwith from the practice of law in accordance with the provisions of Rule 42-23 ∗ ∗ ∗." This order was part of an opinion in which we affirmed the Disciplinary Board's findings that the respondent had neglected a matter entrusted to his care and had engaged in deceitful conduct. The respondent now asks that we reconsider the penalty imposed and in the process differentiate a "resignation ∗ ∗ ∗ from the practice of law," as called for in our opinion, from Supreme Court Rule 42-23's proviso that speaks of a resignation "from membership in the Bar of this state ∗ ∗ ∗." As will be seen, there is a reason for this request.

For the past twenty years, respondent has been teaching law-related subjects at a local college. On November 6, 1979, he was notified that his pedagogical pursuits insofar as they concerned those courses would be terminated "until such time as the court decides that you will again be permitted to practice law in the State of Rhode Island ∗ ∗ ∗." The respondent apparently believes that, even though he is required to resign "from the practice of law," once he complies with this request, he will be an inactive practitioner who, nevertheless, "continues to possess a license" to practice law. We cannot concur in this line of thinking.

To put respondent's contention in its proper perspective, we would point out that in *Carter* v. *Walsh*, 122 R.I. 349, 406 A.2d 263, 265 (1979), after affirming the board's factual findings, we alluded to the court's obligation "to fashion a sanction which fulfills the court's obligation to the public and profession, edifies the bar, and is fair and just to the respondent." The board was of the opinion that a suspension was in order, but we, after considering the years of distinguished service respondent had rendered as an attorney prior to his becoming immersed in the ways of academia, opted for a mandatory retirement "from the practice of law." In the interest of preciseness, we should have employed the language of our rule and demanded his resignation "from membership in the Bar of this state ∗ ∗ ∗." The distinction between these two phrases is strictly one of semantics.

The phrase "member of the Bar" may describe the entire legal fraternity of those admitted to practice before any court; sometimes it may refer only to attorneys who are licensed to practice in a particular jurisdiction; and it is sometimes used, more colloquially, to describe lawyers and nonlawyers who are permitted to practice before some administrative agency. *Joh. A. Benckiser G.m.b.H., Chemische Fabrik* v. *Hygrade Food Products Corp.*, 253 F. Supp. 999, 1000-01 (D.N.J. 1966). Our rule's reference to "membership in the Bar of this state * * *" was intended to include only those individuals who are licensed to practice law in this jurisdiction.

The respondent, in his desire to return to the classroom and regain his former teaching assignments, has somehow overlooked the last portion or our resignation rule, which reads: "If a resigned member desires reinstatement, he or she shall proceed as provided for in Rule 42-16." This language is a clear indication that anyone who resigns from the bar, either voluntarily or as a result of an order of this court, no longer possesses a license to practice law under our auspices. Accordingly, the respondent may take no comfort from the verbiage used in our order. Once he has resigned from the practice of law, he will no longer hold the license that was first given to him on October 10, 1952, when he was admitted to the bar of Rhode Island.

The respondent's request that we reconsider the sanction selected in September 1979 is denied.

Mr. Justice Weisberger and Mrs. Justice Murray did not participate.

*Alan S. Flink*, for petitioner.

*Charles H. McLaughlin*, for respondent.